UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ABDUL KAREEM KHAN, | Case No. 23-cv-00816-LB |
| Plaintiff, | **SCREENING ORDER** |
| v. | Re: ECF No. 1 |
| TWITTER, INC., | |
| Defendant. | |

The plaintiff, who represents himself and is proceeding in forma pauperis, sued Twitter for emotional distress because a Twitter user who tweets about actress Emma Watson is targeting him, perhaps through bots, thereby "prying" on him.[1] Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The allegations are fanciful and do not plausibly plead a claim. Because the plaintiff is pro se, the court gives him an opportunity to file an amended complaint by July 31, 2023. Otherwise, the court will reassign the case to a district judge and recommend dismissal of the complaint.

---

[1] Compl. – ECF No. 1 at 4, 6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-00816-LB

## 1. Legal Standard

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in

which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions;" a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

**2. Application**

The plaintiff does not follow the Twitter user of handle @EmWatsonUpdates, and the user does not follow him. But the user is allegedly "chasing" the plaintiff's personal and business Twitter handles, perhaps by using bots, and sometimes the plaintiff sees unidentifiable likes or retweets of his tweets. He gets annoying emails notifying him of @EmWatsonUpdates' posts, thought maybe he previously followed the user but determined that he did not, and now thinks that Twitter offers a paid service to @EmWatsonUpdates, which is misusing the service. The implication is that this is spam that causes stress, and Twitter has ignored it.[2] He complained to Twitter about the "invisible plotters" who owned the handle and have been tracking him anonymously.[3]

The plaintiff raises two general issues: (1) that Twitter's highlight notifications were harassing and distracting and (2) that Twitter "facilitat[ed] the plotters" in "stalk[ing] and passively bully[ing]" him "as a payment service."[4] Neither issue is likely to amount to a viable claim. For example, the plaintiff admits that he knew he could unsubscribe from the email notifications and chose not to, and that the users who allegedly harass him never followed or replied to him.[5] Also, some allegations appear to be delusional and frivolous. Other allegations, such as that other Twitter users harassed or bullied the plaintiff, are conclusory.

These allegations, if true, do not plausibly plead a claim. The plaintiff perhaps could plead a breach-of-contract claim if he identified Twitter's obligation to do something about the conduct under its terms of service.

---

[2] *Id.* at 6.

[3] *Id.* at 8.

[4] *Id.* at 8–9.

[5] *Id.* at 6, 8.

Under California law, the elements of a breach-of-contract claim are: "(1) the existence of the contract, (2) [the] plaintiff's performance or excuse for nonperformance, (3) [the] defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, (2011) (cleaned up). "And if defendants were given the right to do what they did by the express provisions of the contract[,] there can be no breach." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992).

On these facts, though, there is no claim. The court thus dismisses the complaint. The plaintiff may amend his complaint by July 31, 2023, to plead the basis for his claim for relief. Alternatively, again by July 31, 2023, he may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice.

**IT IS SO ORDERED.**

Dated: July 2, 2023

LAUREL BEELER
United States Magistrate Judge